IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| David M. Thompson, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:09cv1246 (JCC) |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion for a Briefing Schedule filed on December 8, 2009. (Dkt. 6.) Plaintiff David Thompson, acting *pro se*, filed an Opposition and proposed an alternative discovery schedule on December 22, 2009. (Dkt 10.) Defendant filed their Reply on December 31, 2009 (Dkt. 12) and the Motion is now before the Court. For the following reasons the Court will grant Defendants' Motion.

**I. Background**

This is a *pro se* civil action brought under the Freedom of Information Act ("FOIA") by Plaintiff David M. Thompson ("Plaintiff" or "Thompson"), a former Department of Justice civil attorney. (Compl. ¶ 16.) On February 20, 2009 Plaintiff filed an administrative discrimination complaint with the Equal Employment Opportunity office ("EEO") which was

1

accepted by that office on May 13, 2009. (Compl. ¶¶ 13-14.) In an effort to "litigate the administrative proceeding in a complete fashion," Plaintiff filed a FOIA request on June 30, 2009. (Compl. ¶¶ 15, 17.) The Government contends that the FOIA request is merely an attempt to circumvent the "normal administrative process specifically designed and created to provide [Plaintiff] the necessary discovery and documents related to his EEO proceedings. . . ." (Defendants' Memorandum in Support of their Motion for Briefing Schedule ("Defs.' Mem.") 2.)

On September 12, 2009, Defendants the United States of America, the U.S. Department of Justice ("DOJ") and the Department's Environment & Natural Resources Division ("ENRD")(Thompson's former employers), responded to Thompson's FOIA request with approximately 400 pages of documents, some of which were redacted and others of which were withheld. (Defs.' Mem. 2; Compl. ¶ 20.) This response was approximately seven weeks after the proper FOIA deadline. (Ans. to Compl. ¶ 20; Reply 4.)[1] A week later, Plaintiff filed a "request for reconsideration and an administrative appeal" to cure what he believed to be deficiencies in the Defendants' FOIA response. (Compl. ¶ 21.) Impatient with the Defendants' lack of response

---

[1] A late response, without a finding of bad faith, rarely gives rise to a triable FOIA claim. See e.g. Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002) (holding that production, "however belatedly, moots FOIA claims.")

2

to his appeal, Plaintiff filed the instant action on November 11, 2009. (Dkt. 1.)

The parties have been unable to come to a workable agreement regarding a briefing schedule for the case largely due to the Plaintiff's demand that discovery take place prior to the Defendants filing a Summary Judgment Motion and Defendants unwillingness to delay its Summary Judgment filing. (Defs.' Mem. 2.) The Government proposes a briefing schedule during which time discovery and "other case management topics" would be continued. (Defs.' Mot. 1-2.) The schedule is as follows: Defendants would file their Motion for Summary Judgment on January 25, 2010 along with "supporting affidavits and, if necessary, a *Vaughn* Index"[2]; Plaintiff would have until February 22, 2010 to file an Opposition; Defendants would reply by February 26 and the Court will hear argument on March 5, 2010. (*Id.*) Plaintiff for his part does not propose a briefing schedule but instead proposes a discovery schedule contemplating, among other things, a *Vaughn* Index, Requests for Admissions, and Interrogatories, and a 30(b)(6) deposition of the Department of Justice. (Plaintiff's Opposition to Defs.' Mot. ("Opp.") Ex. A.) In an effort to resolve this impasse

---

[2] "A *Vaughn* index is a list describing the documents an agency [has withheld]. The list must include sufficiently detailed information to enable a district court to rule whether the document falls within a FOIA exemption." *Rein v. USPTO*, 553 F.3d, 357 n. 6 (4th Cir. 2009).

Defendants filed the instant motion on December 8, 2009. The Motion is now before the Court.

## II. Analysis

Plaintiff contends that a *Vaughn* Index and traditional discovery is necessary *prior* to the filing of the Government's summary judgment motion to evaluate what Plaintiff believes to be the inadequacies of the Government's FOIA response. Defendants respond that the Government's determinations regarding the scope of the FOIA request and the applicability of specific FOIA exemptions are the proper subjects of a summary judgment motion.[3] Where, as here, a requestor has filed a challenge to an agency's denial of its FOIA request, "a district court must make a *de novo* determination of whether government records were properly withheld under an FOIA exemption provision." *Willard v. Internal Revenue Serv.*, 776 F.2d 100, 102 (4th Cir. 1985). The government can meet its burden to demonstrate that the withheld material was exempted from disclosure by "describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions." *Hanson v. U.S.A.I.D.*, 372 F.3d 286, 290

---

[3] Congress has created certain exemptions to disclosure under FOIA to recognize that "legitimate governmental and private interests could be harmed by release of certain types of information." *Bowers v. United States Dep't of Justice*, 930 F.2d 350, 353-54 (4th Cir.1991 (quoting *FBI v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982)); *see also Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C.Cir.1992) (*en banc*) (same).

4

(4th Cir. 2004), citing *Miscavige v. I.R.S.* 2 F.3d 366, 367-368 (11th Cir. 1993). What is at issue here is not this determination, but rather whether or not discovery is appropriate prior to the government filing a motion for Summary Judgment explaining the appropriateness of its decisions.

In the Fourth Circuit, the applicability of FOIA exemptions "and other FOIA determinations should be resolved on summary judgment." *Id. at 369*. Similarly, some Circuits have held that "FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified." *Miscavige*, 2 F.3d at 369, *cited with approval in Wickwire*, 356 F. 3d at 591. In *Miscavige,* the plaintiff was attempting to conduct discovery prior to the government presenting the legal basis for the exemption in its summary judgment motion. There, the Eleventh Circuit found "plaintiff's early attempt in litigation to obtain a *Vaughn* Index and to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions." *Id.;* See also *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008)(finding that "courts routinely delay discovery until after summary judgment in [FOIA] cases".)

Plaintiff offers a number of cases in support of early discovery. While discovery was in fact ordered in those cases,

5

they are not persuasive as the circumstances were different than the facts at issue here. In *Martinez v. SSA* and *Commonwealth Dep't of Public Welfare v. United States* the court ordered discovery occurred after the Government filed its motion for summary judgment. *See Martinez v. S.S.A.*, No. 1:07-cv-1156, 2007 WL 4458121 Dkt. 9 (D.Colo. Dec. 13, 2007) (unpublished) (granting discovery where summary judgment was filed on August 6, 2007, and Plaintiff's Proposed Scheduling Order was filed August 22, 2007); *Commonwealth Dep't of Public Welfare v. United States*, No. 99-175, 1999 WL 1051963 (W.D. Pa. Oct. 12, 1999) (unpublished) (granting discovery contemporaneously with ruling on Defendants Motion for Summary Judgment). Similarly, other cases cited by Plaintiff involved incidents where the Court specifically found "bad faith" or "malfeasance" on the part of the government in its delayed response to FOIA requests. *See Citizens for Responsibility*, 2006 WL 1518964 at *3; *Judicial Watch, Inc. v. Dep't of Commerce*, 127 F.Supp. 2d 228 (D.D.C. 2000). Neither of these situations is present here.

Finally, what Plaintiff is asking for is discovery to evaluate what he believes to be the insufficiency of the government's response to his FOIA request and the improper withholding of information under FOIA exemptions. As this Court has previously held, "whether a given document properly falls within the scope of the statutory exemptions is a question of

law." *Wickwire Gavin, P.C. v. D.I.A.*, 330 F.Supp.2d 592, 596 (E.D. Va. 2004)(J. Cacheris) *citing Ethyl Corp. v. United States Envtl. Prot. Agency,* 25 F.3d 1241, 1246 (4th Cir. 1994). "Discovery in FOIA is rare" and "only appropriate when an agency has not taken adequate steps to uncover responsive documents." *Schrecker v. DOJ*, 217 F.Supp.2d 29, 35 (D.D.C. 2002); *see Ajluni v. FBI*, 947 F. Supp. 599, 608 (N.D.NY. 1996)(FOIA discovery "is generally limited to fact disputes involving the adequacy of the agency's search and index.") The Court can properly evaluate these questions of law after Defendant has filed its summary judgment motion explaining why the withheld material falls within the specific statutory exemptions. As the application of the FOIA exemptions is a legal question, this Court will wait to determine the applicability of FOIA exemptions to certain documents until the government brings this legal issue before the court with a motion for summary judgment. To aid the Court in this determination, the Government shall file a *Vaughn* index, with its Summary Judgment motion describing the documents the agency has withheld. As is required, the Index shall include sufficiently detailed information to enable this Court to rule whether the document falls within a FOIA exemption. *See Rein*, 553 F.3d at 357 n. 6

## III. Conclusion

For the reasons stated above, this Court will grant Defendants' Motion for a Briefing Schedule. An appropriate Order and Briefing Schedule will issue.

January 19, 2010  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE